**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**DIVISION**

**CASE NO.:** 00-6063

UNITED STATES OF AMERICA,

Plaintiff,

vs.

MAGISTRATE JUDGE SNOW

GEORGE S. KOROSI

Defendant.

_______________________________/

COMPLAINT

The United States of America, acting herein by THOMAS E. SCOTT, United States Attorney for the Southern District of Florida, alleges as follows:

1. This action is brought by the United States of America, with jurisdiction provided by 28 U.S.C. § 1345.

2. The defendant is a resident of the Southern District of Florida.

3. The defendant is indebted to the plaintiff in the principal amount of $7276.73, plus interest on this principal amount computed at the rate of 8.00 percent per annum in the amount of $3107.09, plus interest thereafter on this principal from January 5, 2000 until the date of judgment, plus administrative fees, costs, and penalties in the amount of $.00. See Exhibit A attached hereto and incorporated herein.

4. Demand has been made upon the defendant by plaintiff for the sum due, but the amount due remains unpaid.

WHEREFORE, plaintiff prays judgment against the defendant for the total of $10383.82, plus interest at 8.00 percent per annum on the principal amount of $7276.73, from January 5, 2000 to the date of judgment, plus costs. Plaintiff further demands, pursuant to 28 U.S.C. §1961, that interest on the judgment be at the legal rate until paid in full.

Notice is hereby given to the defendant that the plaintiff intends to seek satisfaction of any judgment rendered in its favor in this action from any debt accruing.

Dated at Miami, Florida on this 11 day of January, 2000.

Respectfully submitted,

THOMAS E. SCOTT
United States Attorney

By: ______________________
Mary F. Dooley
Assistant U.S. Attorney
Florida Bar No. [#]A5500282
99 N.E. 4th Street,
Suite 300
Miami, FL 33132
Tel No. 305-961-9377
Fax No. 305-530-7195

**U.S. DEPARTMENT OF EDUCATION**
**SAN FRANCISCO, CALIFORNIA**

CERTIFICATE OF INDEBTEDNESS

George S. Korosi
AKA: George Sebom Korosi
2611 Wilson St.
Hollywood, FL 33020

SSN: 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

I certify that Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 08/26/99.

On or about 01/07/85, 01/07/85, 09/25/85 & 01/08/87, the borrower executed promissory notes(s) to secure loan(s) of $834.00, $833.00, $2,500.00 & $2,625.00 from Florida Federal Savings & Loan - St. Petersburg, FL at 8 percent interest per annum. This loan obligation was guaranteed by Florida Department of Education, Office of Student Financial Assistance and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 CFR Part 682). The holder demanded payment according to the terms of the note(s), and credited $496.77, $106.04 & $242.14 to the outstanding principal owed on the loan(s). The borrower defaulted on the obligation on 04/28/93 & 07/19/89, and the holder filed a claim on the guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $1,431.39, $2,930.73 & $2,493.58 to the holder. The Department then reimbursed the guarantor for that claim payment under its reinsurance agreement. The guarantor attempted to collect the debt from the borrower. The guarantor was unable to collect the full amount due, and on 04/17/96, assigned its right and title to the loan(s) to the Department.

Since assignment of the loan, the Department has received a total of $52.48, $107.44 & $85.08 in payments from all sources, including Treasury Department offsets, if any. After application of these payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal: | $7,276.73 |
| Interest: | $2,896.56 |
| Administrative/Collection Costs: | $0.00 |
| Late Fees: | $0.00 |
| Total debt as of 08/26/99 | $10,173.29 |

Interest accrues on the principal shown here at the rate of $1.59 per day.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 9-1-99

Name: Janet Cummins
Title: Loan Analyst
Branch: Litigation Branch

Janet Cummins
Senior Loan Analyst

GOVERNMENT EXHIBIT A

FLORIDA STUDENT FINANCIAL ASSISTANCE COMMISSION
KNOTT BUILDING
TALLAHASSEE, FLORIDA 32301

JAN 11 1985

FLORIDA GUARANTEED STUDENT LOAN PROGRAM
(20 U.S.C. 1071-1087-2)
PROMISSORY NOTE

BORROWER'S NAME AND ADDRESS:
GEORGE S KORSOI
1740 NE 173RD ST
NO MIAMI BCH FL
33162

0 0 0 3

LENDER'S NAME AND ADDRESS:
FLORIDA FEDERAL SAVINGS AND LOAN ASSN
P. O. BOX 1509
ST. PETERSBURG, FL 33731

12/15/84

GSLP # 204-0038200

| ANNUAL PERCENTAGE RATE | | Amount Financed | |
|---|---|---|---|
| The cost of your credit as a yearly rate. | | The amount of credit provided to you. | Late Charge: If a payment is late, you may be charged $5.00 or 5% of the payment, whichever is less. |
| Prior to repayment | During repayment | | Prepayment: If you pay off early, you [ ] may [X] will not have to pay a penalty. [ ] may [X] will not be entitled to a refund of part of the finance charge. |
| 3.670 % | 8.00 % | $ 776.38 | See the promissory note for any additional information about non-payment, default, any required repayment in full before the scheduled date, and prepayment refunds and penalties. |

Itemization of the Amount Financed of $ 776.38

Loan Amount $ 834.00 Less: Prepaid Finance Charge $ 57.62 Less: Amount Paid To $ 1.35 Equals: $ 775.03 Amount Paid to You

Includes:
Insurance Premium $ 15.92
Origination Fee $ 41.70
( 5.0 % of Loan Amount)

Others On Your Behalf:
To: FLORIDA DEPT. OF REVENUE
For: DOCUMENTARY STAMP TAX

DISBURSEMENT SCHEDULE

| DISBURSEMENT NUMBER | ESTIMATED DATE OF DISBURSEMENT | INSTALLMENT AMOUNT | DOCUMENTARY STAMP TAX | PREPAID FINANCE CHARGE | | AMOUNT FINANCED |
|---|---|---|---|---|---|---|
| | | | | INSURANCE PREMIUM | ORIGINATION FEE | |
| | 01/02/85 | 834.00 | 1.35 | 15.92 | 41.70 | 775.03 |

ED-586 6/82

FLORIDA DOCUMENTARY STAMP TAX REQUIRED BY LAW IN THE AMOUNT OF 1.35 HAS BEEN PAID OR WILL BE PAID DIRECTLY TO THE DEPARTMENT OF REVENUE. CERTIFICATE OF REGISTRATION #59-0433020-62-01.

## PROMISE TO PAY

I, GEORGE S KORSOI 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, the borrower, promise to pay to
(Name of Borrower)
FLORIDA FEDERAL SAVINGS AND LOAN ASSOCIATION, the lender, or to a subsequent
(Name of Lender)
holder of this Promissory Note, all of the principal sum of $ 834.00 to the extent it is advanced to me, plus an amount equivalent to simple interest on this sum at the rate of 8.00 percent per year. If I fail to pay any of these amounts when they are due, I will also pay all charges and other costs — including attorney's fees — that are permitted by State and Federal law and regulations and are necessary for the collection of these amounts. If this loan is referred for collection to an agency that is subject to the Fair Debt Collection Practices Act, I will pay those collection costs which do not exceed 25 percent of the unpaid principal and accrued interest.

The lender and I understand that the following terms apply to this loan:

**INSURANCE PREMIUM** If required to do so by the lender, I will pay to the lender a non-refundable amount equal to the premium that the lender is required to pay to the Florida Student Financial Assistance Commission (FSFAC) to obtain insurance coverage on this loan. If the lender disburses the loan in multiple installments, I will pay this premium for each disbursement at the time that the disbursement is made. If the lender does not withhold this premium from the principal amount of the loan and I have not already paid the premium, I will pay the premium when the lender bills me separately for it.

**ORIGINATION FEE** If required to do so by the lender, I will pay to the lender an origination fee, authorized by Federal law, not to exceed 5.0 percent of the loan amount. The lender may withhold this fee from the proceeds of the loan. If the loan is made in multiple disbursements, the lender may deduct from each disbursement the proportionate share of the fee which is attributable to that disbursement amount. Under certain circumstances, the lender may be required to refund to me part or all the fee.

**REPAYMENT**
1. I will repay this loan in periodic installments during a repayment period that will begin no later than 6 months (the "grace period") after I either leave school or cease to carry at least one-half the normal academic workload at a school that is participating in the Guaranteed Student Loan Program (GSLP). However, during the grace period I may request that the repayment period begin earlier.
2. I will repay this loan within 15 years of the date of this Promissory Note, over a repayment period that lasts at least 5 years but no more than 10 years. However, the following exceptions to these rules apply:

FSFAC FORM 2 (6/82) (OVER)

A. If, during the grace period, I request a shorter repayment period, the lender may grant me a shorter period. In that event, I may later choose to have the repayment period extended to 5 years.
B. The lender may require a repayment period shorter than 5 years if this is necessary to ensure that during each year of the repayment period I — or, if both, my spouse and I have GSLP loans, Auxiliary loans or PLUS loans outstanding, we — pay toward principal and interest at least $600 or the unpaid balance, whichever is less, of the total amount owing to all holders of my — or our — GSLP, Auxiliary and PLUS loans.
C. Any period described under DEFERMENT in this Promissory Note will not be included in [illegible] the 5, 10, and 15 year periods mentioned above.

3. The particular terms and conditions of repayment that apply to this loan will be set forth by the lender in a separate document, known as a repayment schedule, that the lender will provide to me before the repayment period begins.

PREPAYMENT — I may, at my option and without penalty, prepay all or any part of the principal or accrued interest of this loan at any time. If I do so, I will be entitled to a rebate of any unearned interest that I have paid.

DEFERMENT — Payments of principal on my loan will be deferred after the repayment period begins, provided I comply with the procedural requirements set forth in the regulations governing the GSLP in any of these circumstances:

1. While I am enrolled in —
   A. Full-time study at a school that is participating in the GSLP (unless I am not a citizen or national of the United States and am studying at a school not located in the United States);
   B. Full-time study at an institution of higher education or a vocational school that is operated by an agency of the Federal Government (e.g., the service academies);
   C. A graduate fellowship program approved by the Secretary of Education; or
   D. A rehabilitation training program for disabled individuals approved by the Secretary of Education.
2. For periods not exceeding 3 years for each of the following while I am —
   A. On active duty in the Armed Forces of the United States or serving as an officer in the Commissioned Corps of the United States Public Health Service;
   B. Serving as a Peace Corps volunteer;
   C. Serving as a full-time volunteer under Title I of the Domestic Volunteer Service Act of 1973 (ACTION programs) (e.g., VISTA); or
   D. Serving as a full-time volunteer for an organization exempt from Federal income taxation under Section 501 (c)(3) of the Internal Revenue Code of 1954, which the Secretary of Education has determined is comparable to service in the Peace Corps or ACTION programs.
   E. Temporarily totally disabled, as established by affidavit of a qualified physician, or unable to secure employment because I am providing care required by a spouse who is temporarily totally disabled, as established by affidavit of a qualified physician.
3. For a period not exceeding 2 years while I am serving in an internship that the Secretary of Education has determined is necessary for me to gain professional recognition required to begin professional practice or service.
4. For a single period not exceeding one year while I am conscientiously seeking but unable to find full-time employment in the United States. To be granted a deferment, I must provide the lender with written evidence of my eligibility. I must subsequently notify the lender as soon as the condition for which the deferment was granted no longer exists.

PAY TO THE ORDER OF THE STATE OF FLORIDA DEPARTMENT OF EDUCATION WITHOUT RECOURSE ON US OR ANY OF US.
FLEET BANK, N.A.
802170 NAME OF LENDER
BY [signature] SIGNATURE OF AUTHORIZED OFFICER
KEN SCHAFFER GUARANTOR RELATIONS MGR
NAME & TITLE OF AUTHORIZED OFFICER
10/28/[illegible] DATE

INTEREST

1. The Secretary of Education will pay the interest that accrues on this loan prior to the repayment period and during any deferment period, if the lender determines that I qualify to have such payments made on my behalf under the regulations governing the GSLP. In the event that the Secretary pays the interest on this loan, the lender may not attempt to collect this interest from me. I may, however, choose to pay this interest myself.
2. Once the repayment period begins, I will be responsible for payment of all the interest that accrues on this loan, except that if the Secretary has paid the interest on this loan prior to the repayment period, the Secretary will pay the interest that accrues during any period described under DEFERMENT in this Promissory Note.
3. The lender may add any interest that is not paid when it is due to the unpaid principal balance of this loan, in accordance with Federal regulations governing the GSLP.

LATE CHARGES — If permitted by state law, the lender may collect from me a late charge if I fail to make any part of an installment payment within 10 days after it is due, unless I provide documentation that I am entitled to have the payment deferred as described under DEFERMENT in this Promissory Note. A late charge may not exceed $5.00 or 5 percent of an installment, whichever amount is less.

TRANSFER OF LOAN TO NEW HOLDER — Under the conditions set forth in Federal regulations governing the GSLP, this loan may be transferred to a holder other than the original lender. If such a transfer takes place, I will have the same rights and responsibilities with regard to the new holder that I had with regard to the original lender. This Promissory Note is not intended to be a negotiable instrument under the Uniform Commercial Code as adopted by any State, and a new holder of the Promissory Note is not a holder in due course.

DEFAULT — If I default on this loan, the lender may declare the entire unpaid amount of the loan, including interest, immediately due and payable. A default may also make me ineligible for the benefits described under DEFERMENT and INTEREST in this Promissory Note. Under the Federal regulations governing the GSLP, any of the following events could be considered a default: my failure to make a payment when it is due or, in certain circumstances, my failure to notify the lender of a change in my name, address, or school enrollment status.

DISABILITY OR DEATH — If I become totally and permanently disabled, or if I die, my obligation to pay any amount owed on this loan will be cancelled.

CREDIT BUREAU NOTIFICATION — If I default on this loan, the holder, using the following procedure, may disclose information about the loan to credit bureau organizations after the holder has attempted to collect the debt from me.
If the holder knows my address, the holder must first notify me that such disclosure will be made unless I begin or resume repayment. If I do not begin or resume repayment within 30 days of receipt of this notice, or such longer period as the holder may specify, the holder will disclose information about the loan to credit bureau organizations. If the holder does not know my address, the holder may disclose information about the loan to credit bureau organizations in order to learn my address.
The holder must provide information on the repayment status of this loan to any credit bureau organization upon my request. If not otherwise prohibited by law, the holder may disclose information about the status of this loan to any credit bureau.

GENERAL — The lender must provide me with a copy of this Promissory Note. The terms of this Promissory Note will be interpreted according to the law (20 U.S.C. 1071 to 1087-2) and Federal regulations (34 CFR Part 682) that govern the GSLP. The lender must show me the Federal regulations upon request.
I will use all of the proceeds that I receive from this loan solely for tuition and other reasonable and authorized educational expenses, including room and board, fees, books, supplies and equipment, laboratory expenses, and transportation and commuting costs.
I understand that if I am a correspondence student, this loan is covered by Federal regulations setting forth separate rules about what the loan proceeds may be used for and when my repayment period will begin.
I am not required to provide security for this loan.
I will promptly notify the lender, in writing, of any change of my name, address, or school enrollment status.

George Sefton Korosi — 1740 NE 173 ST N MIAMI BCH FL 33162 — 1-7-85
SIGNATURE OF BORROWER — ADDRESS — DATE

NAME OF CO-SIGNER* (print or type) — ADDRESS

JAN 11 1985

SIGNATURE OF CO-SIGNER — DATE — TELEPHONE

DIE

*The lender may require a co-signer to sign this Promissory Note.
FSLAC 1/[illegible] 2 (R83)

FLORIDA STUDENT FINANCIAL ASSISTANCE COMMISSION
KNOTT BUILDING
TALLAHASSEE, FLORIDA 32301

1985

FLORIDA GUARANTEED STUDENT LOAN PROGRAM
(20 U.S.C. 1071-1087-2)
PROMISSORY NOTE

BORROWER'S NAME AND ADDRESS:
GEORGE S KORSOI
1740 NE 173RD ST
NO MIAMI BCH FL
33162

0 0 0 3 2 4

LENDER'S NAME AND ADDRESS:
FLORIDA FEDERAL SAVINGS AND LOAN ASSN
P. O. BOX 1509
ST. PETERSBURG, FL 33731

12/15/84

GSLP # 204-0038200

| ANNUAL PERCENTAGE RATE | | Amount Financed | |
|---|---|---|---|
| The cost of your credit as a yearly rate. | | The amount of credit provided to you. | Late Charge: If a payment is late, you may be charged $5.00 or 5% of the payment, whichever is less. |
| Prior to repayment | During repayment | | Prepayment: If you pay off early, you [ ] may [X] will not have to pay a penalty. [ ] may [X] will not be entitled to a refund of part of the finance charge. |
| 4.026 % | 8.00 % | $ 777.52 | See the promissory note for any additional information about non-payment, default, any required repayment in full before the scheduled date, and prepayment refunds and penalties. |

Itemization of the Amount Financed of $ 777.52

Amount Paid to You

Loan Amount $ 833.00 Less: Prepaid Finance Charge $ 55.48 Less: Amount Paid To $ 1.35 Equals: $ 776.17

Includes: Others On Your Behalf:

Insurance Premium $ 13.83

To: FLORIDA DEPT. OF REVENUE
For: DOCUMENTARY STAMP TAX

Origination Fee $ 41.65

( 5.0 % of Loan Amount)

DISBURSEMENT SCHEDULE

| DISBURSEMENT NUMBER | ESTIMATED DATE OF DISBURSEMENT | INSTALLMENT AMOUNT | DOCUMENTARY STAMP TAX | PREPAID FINANCE CHARGE INSURANCE PREMIUM | PREPAID FINANCE CHARGE ORIGINATION FEE | AMOUNT FINANCED |
|---|---|---|---|---|---|---|
| | 04/01/85 | 833.00 | 1.35 | 13.83 | 41.65 | 776.17 |

ED-888 5/82

FLORIDA DOCUMENTARY STAMP TAX REQUIRED BY LAW IN THE AMOUNT OF 1.35 HAS BEEN PAID OR WILL BE PAID DIRECTLY TO THE DEPARTMENT OF REVENUE. CERTIFICATE OF REGISTRATION #59-0433020-62-01.

## PROMISE TO PAY

I, GEORGE S KORSOI 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 (Name of Borrower), the borrower, promise to pay to FLORIDA FEDERAL SAVINGS AND LOAN ASSOCIATION (Name of Lender), the lender, or to a subsequent holder of this Promissory Note, all of the principal sum of $ 833.00 to the extent it is advanced to me, plus an amount equivalent to simple interest on this sum at the rate of 8.00 percent per year. If I fail to pay any of these amounts when they are due, I will also pay all charges and other costs — including attorney's fees — that are permitted by State and Federal law and regulations and are necessary for the collection of these amounts. If this loan is referred for collection to an agency that is subject to the Fair Debt Collection Practices Act, I will pay those collection costs which do not exceed 25 percent of the unpaid principal and accrued interest.

The lender and I understand that the following terms apply to this loan:

**INSURANCE PREMIUM** If required to do so by the lender, I will pay to the lender a non-refundable amount equal to the premium that the lender is required to pay to the Florida Student Financial Assistance Commission (FSFAC) to obtain insurance coverage on this loan. If the lender disburses the loan in multiple installments, I will pay this premium for each disbursement at the time that the disbursement is made. If the lender does not withhold this premium from the principal amount of the loan and I have not already paid the premium, I will pay the premium when the lender bills me separately for it.

**ORIGINATION FEE** If required to do so by the lender, I will pay to the lender an origination fee, authorized by Federal law, not to exceed 5.0 percent of the loan amount. The lender may withhold this fee from the proceeds of the loan. If the loan is made in multiple disbursements, the lender may deduct from each disbursement the proportionate share of the fee which is attributable to that disbursement amount. Under certain circumstances, the lender may be required to refund to me part or all the fee.

**REPAYMENT**
1. I will repay this loan in periodic installments during a repayment period that will begin no later than 6 months (the "grace period") after I either leave school or cease to carry at least one-half the normal academic workload at a school that is participating in the Guaranteed Student Loan Program (GSLP). However, during the grace period I may request that the repayment period begin earlier.
2. I will repay this loan within 15 years of the date of this Promissory Note, over a repayment period that lasts at least 5 years but no more than 10 years. However, the following exceptions to these rules apply:

FSFAC FORM 3 (8/82) (OVER)

Page 15.0

Job #58902 Page 1 Of 1

- 4 - 1 6 - 8 5

A. If, during the grace period, I request a shorter repayment period, the lender may grant me a shorter period. In that event, I may later choose to have the repayment period extended to 5 years.
B. The lender may require a repayment period shorter than 5 years if this is necessary to ensure that during each year of the repayment period I - or, if both my spouse and I have GSLP loans, Auxiliary loans or PLUS loans outstanding, we - pay principal and interest at least $600 or the unpaid balance, whichever is less, of the total amount owing to all holders of my - or our - GSLP, Auxiliary and PLUS loans.
C. Any period described under DEFERMENT in this Promissory Note will not be included in determining the 5, 10, and 15 year periods mentioned above.
3. The particular terms and conditions of repayment that apply to this loan will be set forth by the lender in a separate document, known as a repayment schedule, that the lender will provide to me before the repayment period begins.

PREPAYMENT I may, at my option and without penalty, prepay at any time any part of the principal or accrued interest of this loan at any time. If I do so, I will be entitled to a rebate of any unearned interest that I have paid.

DEFERMENT Payments of principal on my loan will be deferred after the repayment period begins, provided I comply with the procedural requirements set forth in the regulations governing the GSLP in any of these circumstances.
1. While I am enrolled in -
A. Full time study at a school that is participating in the GSLP (unless I am not a citizen or national of the United States and am studying at a school not located in the United States),
B. Full time study at an institution of higher education or a vocational school that is operated by an agency of the Federal Government (e.g., the service academies),
C. A graduate fellowship program approved by the Secretary of Education,
D. A rehabilitation training program for disabled individuals approved by the Secretary of Education.
2. For periods not exceeding 3 years for each of the following while I am -
A. On active duty in the Armed Forces of the United States or serving as an officer in the Commissioned Corps of the United States Public Health Service;
B. Serving as a Peace Corps volunteer;
C. Serving as a full time volunteer under Title I of the Domestic Volunteer Service Act of 1973 (ACTION programs) (e.g., VISTA); or
D. Serving as a full-time volunteer for an organization exempt from Federal income taxation under section 501 (c)(3) of the Internal Revenue Code of 1954, which the Secretary of Education has determined is comparable to service in the Peace Corps or ACTION programs.
E. Temporarily totally disabled, as established by affidavit of a qualified physician, or unable to secure employment because I am providing care required by a spouse who is temporarily totally disabled, as established by affidavit of a qualified physician.
3. For a period not exceeding 2 years while I am serving in an internship that the Secretary of Education has determined is necessary for me to gain professional recognition required to begin professional practice or service.
4. For a single period not exceeding one year while I am conscientiously seeking but unable to find full-time employment in the United States. To be granted a deferment, I must provide the lender with written evidence of my eligibility. I must subsequently notify the lender as soon as the condition for which the deferment was granted no longer exists.

PAY TO THE ORDER OF THE STATE OF FLORIDA DEPARTMENT OF EDUCATION WITHOUT RECOURSE ON US, OR ANY OF US

FLEET BANK N.A.
802178
NAME OF LENDER

BY [signature]
SIGNATURE OF AUTHORIZED OFFICER
GUARANTOR RELATIONS MGR
NAME & TITLE OF AUTHORIZED OFFICER
10/28/92
DATE

INTEREST
1. The Secretary of Education will pay the interest that accrues on this loan prior to the repayment period and during any deferment period, if the lender determines that I qualify to have such payments made on my behalf under the regulations governing the GSLP. In the event that the Secretary pays the interest on this loan, the lender may not attempt to collect this interest from me. I may, however, choose to pay this interest myself. 8 5
2. Once the repayment period begins, I will be responsible for payment of all the interest that accrues on this loan, except that if the Secretary has paid the interest on this loan prior to the repayment period, the Secretary will pay the interest that accrues during any period described under DEFERMENT in this Promissory Note.
3. The lender may add any interest that is not paid when it is due to the unpaid principal balance of this loan, in accordance with Federal regulations governing the GSLP.

LATE CHARGES If permitted by state law, the lender may collect from me a late charge if I fail to make any part of an installment payment within 10 days after it is due, unless I provide documentation that I am entitled to have the payment deferred as described under DEFERMENT in this Promissory Note. A late charge may not exceed $5.00 or 5 percent of an installment, whichever amount is less.

TRANSFER OF LOAN TO NEW HOLDER Under the conditions set forth in Federal regulations governing the GSLP, this loan may be transferred to a holder other than the original lender. If such a transfer takes place, I will have the same rights and responsibilities with regard to the new holder that I had with regard to the original lender. This Promissory Note is not intended to be a negotiable instrument under the Uniform Commercial Code as adopted by any State, and a new holder of the Promissory Note is not a holder in due course.

DEFAULT If I default on this loan, the lender may declare the entire unpaid amount of the loan, including interest, immediately due and payable. A default may also make me ineligible for the benefits described under DEFERMENT and INTEREST in this Promissory Note. Under the Federal regulations governing the GSLP, any of the following events could be considered a default: my failure to make a payment when it is due or, in certain circumstances, my failure to notify the lender of a change in my name, address, or school enrollment status.

DISABILITY OR DEATH If I become totally and permanently disabled, or if I die, my obligation to pay any amount owed on this loan will be cancelled.

CREDIT BUREAU NOTIFICATION If I default on this loan, the holder, using the following procedure, may disclose information about the loan to credit bureau organizations after the holder has attempted to collect the debt from me.
If the holder knows my address, the holder must first notify me that such disclosure will be made unless I begin or resume repayment. If I do not begin or resume repayment within 30 days of receipt of this notice, or such longer period as the holder may specify, the holder will disclose information about the loan to credit bureau organizations.
If the holder does not know my address, the holder may disclose information about the loan to credit bureau organizations in order to learn my address.
The holder must provide information on the repayment status of this loan to any credit bureau organization upon my request. If not otherwise prohibited by law, the holder may disclose information about the status of this loan to any credit bureau.

GENERAL The lender must provide me with a copy of this Promissory Note. The terms of this Promissory Note will be interpreted according to the law (20 U.S.C. 1071 to 1087-2) and Federal regulations (34 CFR Part 682) that govern the GSLP. The lender must show me the Federal regulations upon request.
I will use all of the proceeds that I receive from this loan solely for tuition and other reasonable and authorized educational expenses, including room and board, fees, books, supplies and equipment, laboratory expenses, and transportation and commuting costs.
I understand that if I am a correspondence student, this loan is covered by Federal regulations setting forth separate rules about what the loan proceeds may be used for and when my repayment period will begin.
I am not required to provide security for this loan.
I will promptly notify the lender, in writing, of any change of my name, address, or school enrollment status.

George Sebo Koroni 1740 NE 173 ST N MIAMI BCH FL 33162 1-7-85
SIGNATURE OF BORROWER ADDRESS DATE

NAME OF CO-SIGNER* (print or type) ADDRESS

SIGNATURE OF CO-SIGNER* DATE TELEPHONE

JAN 11 1985
D/E

*The lender may require a co-signer to sign this Promissory Note.
FSFAC FORM 2 (1/85)

204-38200

# FLORIDA APPLICATION/PROMISSORY NOTE FOR A STUDENT LOAN AND LOAN GUARANTEE

WARNING: ANY PERSON WHO KNOWINGLY MAKES A FALSE STATEMENT OR MISREPRESENTATION ON THIS FORM IS SUBJECT TO PENALTIES WHICH MAY INCLUDE FINES OR IMPRISONMENT UNDER THE UNITED STATES CRIMINAL CODE AND 20 USC 1087-4

## SECTION I - TO BE COMPLETED BY THE STUDENT - READ THE INSTRUCTIONS

1. Social Security Number: 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
2. Last Name (Please Print): KOROSI First: GEORGE Middle/Maiden: SEBO
3. Birth Date: Mo. 4 Day 11 Yr. 55
4. Permanent Home Address: Street 2611 WILSON ST
5. Area Code-Phone No. (for Item 4): (305) 921-4357 City: HOLLYWOOD State: FL Zip Code: 33020
6. U.S. Citizenship Status: ☒ (a) U.S. Citizen ☐ (c) Neither ☐ (b) Eligible Non-Citizen — Alien Registration No. ____ Form No. ____
7. Total Number of Borrower's Dependents: 0 List Ages: —
8. Permanent Resident of (State Name): FL Since: Mo. 8 Yr. 78
8 (a) County Code (See Table): 6
9. Intended Enrollment Status: ☒ Full Time ☐ Half-Time but Less Than Full Time ☐ Less Than Half-Time (Not Eligible)
10. Major Course of Study: Compt. Program.
11. While in School, You Intend to Live (Check One): ☒ With Parents ☐ On Campus ☐ Off Campus
12. Prior to the academic year for which this loan is requested, have you ever been enrolled in any school beyond the high school level? ☒ Yes ☐ No
13. Requested Loan Amount: $ 2,500.00
14. Loan Period: From Mo. 9 Yr. 85 To Mo. 6 Yr. 86
15. Have you ever defaulted on an education loan? If yes, give details on a separate sheet of paper including what arrangements have been made, if any, to repay this debt ☐ Yes ☒ No
16. Do you have any outstanding education loans? ☒ Yes ☐ No If yes, list below. Attach a separate sheet if more space is required. If no, write "none."

| 17. Name of Lender | City and State of Lender | Phone No | Type of Program | Loan Period (Mo/Yr) From | To | Unpaid Balance |
|---|---|---|---|---|---|---|
| FLORIDA FEDERAL | St. Petersburg, FL | (813) 577-8787 | (A) B C | 1/86 | 9/85 | 2,500.00 |
| | | ( ) | A B C | | | .00 |
| | | ( ) | A B C | | | .00 |

| 18. Name of Parent/Guardian plus Adult Relative | Address | City | State | Zip | Phone Number | Employer |
|---|---|---|---|---|---|---|
| MARIA KOROSI | 2611 Wilson St | Hwd | FL | 33020 | 921-4359 | Humana Hosp |
| MATILDA BOKTA | 16960 N.E. 5CT | NMBch | FL | 33162 | 653-1736 | Humana Hosp. |

19. Name and Address of Lender Who will Process this Loan: Florida Federal, St. Petersburg, FL. 33732-1547

## SECTION II - TO BE COMPLETED BY THE SCHOOL - INSTRUCTIONS ON REVERSE SIDE OF SCHOOL COPY

20. Name of School: PROSPECT Hall College
21. Address: 1725 MONROE ST City: Hollywood State: FL Zip Code: 33020
22. Loan Period (Mo./Day/Yr.): From 9/23/85 To 6/20/86
23. Borrower's Grade Level: 02
24. Anticipated Graduation Date: Mo. 6 Yr. 86
25. School Code: 010210
26. Area Code/Phone Number: (305) 923-8100
27. Dependency Status (Check One): ☒ Dependent ☐ Independent
27.(a) Adjusted Gross Income (See Instructions): $ 18,200.00
28. Estimated Cost of Attendance: $ 9,125.00
29. Estimated Financial Aid: $ 0.00
29 (a) Expected Family Contribution (See Inst.): $ 0.00
30. Difference (Item 28) Less Item 29 and 29(a): $ 9,125.00
31. Academic Status: Cumulative Grade Point Average 3.22 of 4.0

| 31.(a) Beginning Date of Terms Covered by This Application | Mo. | Day | Yr. | Recommended Disbursement Amount |
|---|---|---|---|---|
| #1 | 9 | 23 | 85 | $ 834.00 |
| #2 | 1 | 6 | 86 | $ 833.00 |
| #3 | 4 | 7 | 86 | $ 833.00 |
| #4 | | | | $ .00 |
| TOTAL OF DISBURSEMENTS | | | | $ 2500.00 |

32. My signature below certifies I have read and agreed to the "EDUCATIONAL INSTITUTION CERTIFICATION" printed on the REVERSE of this APPLICATION
Signature of Authorized School Official: [signature] Print or Type Name and Title: BRIAN J. WOODS F.A.D. Date: 9/27/85

## SECTION III - TO BE COMPLETED BY THE LENDER

33. Name of Lending Institution: Florida Federal Savings & Loan
34. Address: P.O. Box 31547 City: St. Petersburg State: Florida Zip Code: 33732-1547
35. Area Code/Phone No. (813) 577-8787
36. Lender Code: #819598

| 37. Loan Disbursement Date(s) | Mo. | Day | Yr. | Loan Disbursement Amts |
|---|---|---|---|---|
| #1 | 10 | 13 | 85 | $ 834.00 |
| #2 | 12 | 31 | 85 | $ 833.00 |
| #3 | 3 | 7 | 86 | $ 833.00 |
| TOTAL AMOUNT LENDER APPROVES | | | | $ 2500.00 |

38. Length of Grace Period: (6) 9 10 11 12
39. Signature of Authorized Lending Official: [signature] Print or Type Name and Title: SLC
40. Date: 10-3-85

## SECTION IV - PROMISSORY NOTE FOR A GUARANTEED STUDENT LOAN

**I. Promise To Pay** I, the undersigned student borrower identified in Section I, Item 2, promise to pay to you or your order when this note becomes due as set forth in Paragraph II, the sum of TWENTY FIVE HUNDRED DOLLARS ($ 2,600.00)

I.A. Requested Loan Amount—Must be the Same as Item 13

or such loan amount as is advanced to me and identified to me in the Notice of Loan Guarantee and Disclosure Statement, plus interest as set forth in Paragraph III, and any other charges which may become due as provided in Paragraph VI. If I fail to pay any of these amounts when they are due, I will pay all charges and other costs, including the fees of an outside attorney and court costs that are permitted by Federal law and regulations for the collection of this loan, which you incur in collecting this loan. (See Paragraphs II, III, VI on the other side.) My signature certifies that I have read, understood and agreed to the conditions and authorizations stated in the "Borrower Certification" printed on the reverse side.

**I UNDERSTAND THAT THIS IS A PROMISSORY NOTE. I WILL NOT SIGN THIS PROMISSORY NOTE BEFORE READING IT INCLUDING THE WRITING ON THE REVERSE SIDE, EVEN IF OTHERWISE ADVISED. I AM ENTITLED TO AN EXACT COPY OF THIS PROMISSORY NOTE, THE NOTICE OF LOAN GUARANTEE AND DISCLOSURE STATEMENT AND ANY AGREEMENT I SIGN. BY SIGNING THIS PROMISSORY NOTE I ACKNOWLEDGE THAT I HAVE RECEIVED AN EXACT COPY HEREOF.**

I.B. Student Borrower Signature: George S. Korosi Date: 9/26/85

**NOTICE TO STUDENT: Terms of the Promissory Note continue on the reverse side.**

FGLP Standard Form - 1 (3/85)

LENDER COPY A

# Additional Terms of the Promissory Note for a Guaranteed Student Loan

**II. Date Note Comes Due** I will repay this loan 1) in periodic installments during a repayment period that will begin no later than the end of my grace period, or 2) in full immediately if I fail to enroll and attend at the school which certified my application for the academic period intended (this loan will not be eligible for a grace period). My grace period is that period of time which begins when either I leave school or stop carrying, at an eligible school approved by the Guarantor, at least one-half the normal full-time academic work load required by the school. The Notice of Loan Guarantee and Disclosure Statement will identify the length of my grace period. During the grace period I may request that the grace period be shortened and the repayment period begin earlier. My due date will be indicated on the Repayment Schedule.

**III. Interest** I agree to pay an amount equivalent to simple interest on the unpaid principal balance from the date you advance the loan until the loan is paid in full. The applicable interest rate on this loan will be the same as the applicable interest rate on my other Guaranteed Student Loans if any of these loans is still outstanding and has an interest rate of 7%, 8% or 9%. If I have no outstanding Guaranteed Student Loans, my interest rate on this loan will be 8%. The Notice of Loan Guarantee and Disclosure Statement identifies the applicable interest rate for this loan. You will not attempt to collect from me any interest which the United States Government will pay for me. When this note becomes due I may either pay the total interest due from me or such interest may be added, in accordance with State and Federal regulations governing the Guaranteed Student Loan Program, to the principal balance due to be repaid with interest, in installments. Once the repayment period begins, I will pay all the interest on this loan, except that if the interest accruing on this loan prior to the repayment period was payable by the United States Government, the United States Government will pay the interest that occurs during any period described under Deferment, Paragraph VIII in this Note. All payments will be made to your address indicated on the Notice of Loan Guarantee and Disclosure Statement or to any other address which you provide to me.

**IV. Origination and Guarantee Fees** I will pay you an origination fee as authorized by federal law, not to exceed 5% of the amount loaned to me as identified on the Notice of Loan Guarantee and Disclosure Statement. If any loan check is returned uncashed to you, I will be entitled to a refund of any origination fee paid in respect to such disbursement. I will pay you a guarantee fee, in an amount identified on the Notice of Loan Guarantee and Disclosure Statement, which you will forward to the Guarantor to pay for its guarantee of this Note. The guarantee fee, in an amount not to exceed one percent (1%) per annum, is calculated on the amount of this loan from the anticipated disbursement date as indicated by the Lender in Section [illegible] of the application until the expiration of my grace period following the graduation or course completion date indicated by the School in Section II of my application for this loan. [illegible] part of the [illegible] fee will be refunded to me unless the loan check is returned to you within 60 da[illegible] disbursement date, in which case the total fee will be refunded. The origi[illegible] and the guarantee fee may both be deducted from the proceeds of my loan.

**V. Default** I will be in default and you have the right to [illegible] whole outstanding principal balance plus any unpaid interest I [illegible] is due and payable at once (subject to any law which gives me a right to cure my default) [illegible] 1) any payment has not reached you within the number of days after it is due as specified in the Repayment Schedule, or I fail to meet the terms of the Application/Promissory Note under circumstances where you find it reasonable to conclude that I no longer intend to [illegible] repay, provided that my failure persists for (a) 120 days if I pay in monthly installments or (b) 180 days if I repay in less frequent installments; or 2) I fail to notify you of a change in my name, address or school enrollment status within 10 days; or 3) I [illegible] any of my promises under this agreement; or 4) I make any false written statement in applying for this loan or for a forbearance or deferment of this loan. After sending such notice, you will have the right, without further notice, to take the outstanding [illegible] checking and/or savings account I have with you, if not prohibited by law, but not out of the proceeds of any other property of mine which you have a right to take because of any other agreement between you and me. If I default, I will still be required to pay interest on this loan as provided in Interest, Paragraph III from the date of default. A default also makes me ineligible for the benefits described under Deferment, Paragraph VIII.

**VI. Late Charges** If any payment has not reached you within ten (10) days after its due date you may, if permitted by law, bill me for a late charge at the maximum rate permitted. If a payment is late, I may be charged five dollars ($5.00) or five percent (5%) of the payment, whichever is less.

**VII. Additional Agreements** 1) The proceeds of this loan will be used only for my educational expenses at the school indicated in Section II of my application. 2) Any notice required to be given to me will be effective when mailed by first class mail to the latest address you have for me. 3) Your failure to enforce or insist that I comply with any term of this Note is not a waiver of your rights. No provision of this Note can be waived or modified except in writing. 4) If the Florida Department of Education is required under its guarantee to repay my loan(s) because I have defaulted, the Florida Department of Education will become the owner of this Note and as my creditor will have all the rights of the original lender to enforce this Note against me. 5) I understand that I must repay this Note even though I may be under 18 years of age. 6) If I am unable to make the scheduled payments for reason of hardship, I may be eligible for forbearance as provided for in the Guaranteed Student Loan Program regulations at the discretion of the lender on the repayment of my loan(s). 7) In this Note the words I, me, and my mean the borrower identified in Item 2 of Section I of the Application. You, your and yours mean the lender and any other owner of the Note.

**VIII. Deferment** You will [illegible] pay interest only, if such interest is not paid by the United States Government, [illegible] defer making principal payments on this Note as provided below if my [illegible] period has begun, I am not in default and I can provide you with written [illegible] that I qualify for the deferment. 1) While I am enrolled a) at a particip[illegible] full-time study, as determined by that school, however, to obtain a [illegible] to attend a school not located in the United States I must be a citizen [illegible] the United States, or b) in a graduate fellowship program approved [illegible] Secretary of Education; or c) in a rehabilitation training program for [illegible] approved by the Secretary of Education; or d) as a full-time student [illegible] institution of higher education or vocational school which is operated by [illegible] the United States Government. 2) For periods not exceeding 3 years [illegible] following while I am on active duty in the Armed Forces of the United States, or serving as an officer [illegible] Commissioned Corps of the Public Health Service; or b) [illegible] Peace Corps volunteer; or c) [illegible] as a full-time volunteer under Title I [illegible] Domestic Volunteer Service Act of 1973 (e.g. [illegible]) or d) providing [illegible] full-time volunteer [illegible] exempt from federal income tax under Section 501(c)(3) of the [illegible] Code of 1954 [illegible] Secretary of Education has determined [illegible] service performed [illegible] Peace Corps or ACTION programs; or e) temporarily totally disabled, as established by affidavit of a qualified physician, or [illegible] am providing care required by a spouse who is temporarily totally disabled, as established by affidavit of a qualified physician. 3) For a period [illegible] while I am serving an internship that the Secretary of Education has determined [illegible] needed to gain professional recognition required to begin professional practice or service. [illegible] For a single period not exceeding one year while I am conscientiously seeking but unable to find full-time employment in the United States.

**IX. Repayment** I will repay the [illegible] due on this Promissory Note in periodic installments, with interest on the unpaid balance [illegible] as indicated in Interest, Paragraph III, on the unpaid balance from the [illegible] Promissory Note until the loan is paid in full, unless: 1) The whole loan is due [illegible] described in Default, Paragraph V, or 2) This Promissory Note has become [illegible] because of Item 2 of Date Note Comes Due, Paragraph II. Prior to the [illegible] of this Promissory Note, you will send to me a Repayment Schedule which [illegible] the particular repayment terms, including the beginning due date, that will become part of this Promissory Note. The Repayment Schedule may include all loans I have received from you under the Florida Guaranteed Student Loan Program. The Repayment Schedule will require me to make monthly payments for a period of not less than 5 nor more than 10 years after this Note becomes due. The repayment period will not be longer than 15 years from the date of my original Note not counting periods for which I am granted any authorized deferment outlined in Deferment, Paragraph VIII or forbearance. My original in-school period is counted in this 15 year requirement. At my option I may agree to a repayment period that is shorter than 5 years. I may at a later time have the repayment period extended so that the total repayment period is not less than 5 years, provided, however, that if my loan(s) is disbursed on or after October 1, 1981, my total payments for any year of the repayment period on all my loans under the Guaranteed Student Loan Program (GSLP), the Guaranteed Parent Loan Program (GPLP), or the PLUS Program under Title IV, Part B of the Higher Education Act shall not be less than $600 per year, including payments by my spouse on any loan under such loan programs (or the balance of all such loans plus accrued interest if less than $600) even though this may result in a repayment period shorter than 5 years.

**X. Prepayment** I may, at my option and without penalty, prepay all or any part of the principal or accrued interest of this loan at any time. If I do so, I will be entitled to a rebate of any unearned interest that I have paid.

**XI. Credit Bureau Notification** If I default on this loan, you or the Guarantor may report the default to credit bureau organizations. This may significantly and adversely affect my credit rating. If not otherwise prohibited by law, the lender or the Florida Department of Education may disclose information about the status of this loan to any credit bureau.

## Borrower Certification

I declare under penalty of perjury under the laws of the United States of America that the following is true and correct. I, the borrower, certify that the information contained in Section I of this application is true, complete and correct to the best of my knowledge and belief and is made in good faith. I hereby authorize the school to pay to the lender any refund which may be due me up to the amount of this loan. I further authorize any school that I may attend to release to the lending institution, subsequent holder, Florida Department of Education, U.S. Department of Education, or their agents, any requested information pertinent to this loan (e.g., employment, enrollment status, current address). I certify that the proceeds of any loan made as a result of this application will be used for educational expenses for the loan period covered by this application at the school named in Section II. I understand that I must immediately repay any funds that I receive which cannot reasonably be attributed to meeting my educational expenses related to attendance at that school for the loan period stated in Item 22. I certify that the total amount of loans received under the Guaranteed Student Loan Program, Title IV, Part B (P.L. 89-329) as amended, will not exceed the allowable maximums. I further certify that I do not now owe a repayment on a Pell Grant, Supplemental Grant, or State Student Incentive Grant and am not now in default on a National Direct Student Loan, or a Guaranteed Student Loan, or a Federally Insured Student Loan or a PLUS loan. I further authorize my lending institution to issue a check covering the proceeds of my loan, in full or in part, made payable to me, or at the lender's option, jointly payable to me and the school, and sent to the school named in Section II or at the lender's option, to me. I have read and understand the "Statement of Borrower's Rights and Responsibilities" supplied with this application.

I understand that I will receive a Notice of Loan Guarantee and Disclosure Statement that identifies my loan amount (as determined by the lender), the fee amounts, grace period, and late charges. I understand and agree that if the information on the Notice of Loan Guarantee and Disclosure Statement conflicts with the information on the Application/Promissory Note, the information on the Notice of Loan Guarantee and Disclosure Statement applies.

**NOTICE TO STUDENT: BY YOUR SIGNATURE ON THE OTHER SIDE OF THIS APPLICATION AND PROMISSORY NOTE YOU ARE AGREEING TO THE ABOVE TERMS AND CERTIFICATION.**

FILED [illegible] OCT 24 [illegible] FLORIDA FEDERAL SAVINGS [illegible]

PAY TO [illegible] FLORIDA [illegible] WITHOUT RECOURSE [illegible]

OCT 22 1985

810

61

# FLORIDA APPLICATION/PROMISSORY NOTE FOR A STUDENT LOAN AND LOAN GUARANTEE

WARNING: ANY PERSON WHO KNOWINGLY MAKES A FALSE STATEMENT OR MISREPRESENTATION ON THIS FORM IS SUBJECT TO PENALTIES WHICH MAY INCLUDE FINES OR IMPRISONMENT UNDER THE UNITED STATES CRIMINAL CODE AND 20 USC 1087-4

## SECTION I - TO BE COMPLETED BY THE STUDENT-READ THE INSTRUCTIONS

1. Social Security Number: 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
2. Last Name (Please Print): KOROSI First: GEORGE Middle/Maiden: S

JAN 23 REC'D

3. Birth Date: Mo. 4 Day 16 Yr. 55
4. Permanent Home Address: Street 2611 Wilson St. City Hollywood State FL Zip Code 33020
5. Area Code-Phone No. for Item 4: (305) 921-4359
6. U.S. Citizenship Status: [X] (a) U.S. Citizen [ ] (c) Neither [ ] (b) Eligible Non-Citizen — Alien Registration No — Form No
7. Total Number of Borrower's Dependents: 0 — List Ages
8. Permanent Resident of (State Name): FL Since Mo 8 Yr. 78
8.(a) County Code (See Table): 06
9. Intended Enrollment Status: [X] Full Time [ ] Half-Time but Less Than Full Time [ ] Less Than Half-Time (Not Eligible)
10. Major Course of Study: Comptr. Prog.
11. While in School, You Intend to Live (Check One): [X] With Parents [ ] On Campus [ ] Off Campus
12. Prior to the academic year for which this loan is requested, have you ever been enrolled in any school beyond the high school level? [X] Yes [ ] No
13. Requested Loan Amount: $ 2,625.00
14. Loan Period: From Mo 1 Yr. 87 To Mo. 9 Yr 87
15. Have you ever defaulted on an education loan? [ ] Yes [X] No — If yes, give details on a separate sheet of paper including what arrangements have been made, if any, to repay this debt.
16. Do you have any outstanding education loans? [X] Yes [ ] No — If yes, list below. Attach a separate sheet if more space is required. If no, write "none."

| 17. Name of Lender | City and State of Lender | Phone No | Type of Program | Loan Period (Mo./Yr.) From | To | Unpaid Balan[ce] |
|---|---|---|---|---|---|---|
| FLA. FED. | St. Pete, FL. | (813) 577-8887 | (A) B C | 1/85 | 9/85 | 2300 |
| " " | " | ( ) " | (A) B C | 9/85 | 6/86 | 1,222 |
| | | ( ) | A B C | | | |

| 18. Name of Parent/Guardian plus Adult Relative | Address | City | State | Zip | Phone Number | Employ[er] |
|---|---|---|---|---|---|---|
| Maria Korosi | 2611 Wilson St. | Hlwd | FL | 33020 | 921-4359 | Humana Ho[spital] |
| Matilda Benita | 16960 NE 5 Ct | NMBch | FL | 33162 | 653-1736 | Humana Hos[pital] |

19. Name and Address of Lender Who will Process this Loan: Florida Federal St. Pete FL 33732

## SECTION II - TO BE COMPLETED BY THE SCHOOL-INSTRUCTIONS ON REVERSE SIDE OF SCHOOL COPY

20. Name of School: Prospect Hall College
21. Address: 1725 Monroe St. City Hollywood State FL Zip Code 33020
22. Loan Period (Mo./Day/Yr.): From 1 5 87 To 9 11 8[7]
23. Borrower's Grade Level: 02
24. Anticipated Graduation Date: Mo. 12 Yr. 87
25. School Code: 010210
26. Area Code/Phone Number: (305) 923-81[..]
27. Dependency Status (Check One): [X] Dependent [ ] Independent
27.(a) Adjusted Gross Income (See Instructions): $ 10,339.00
28. Estimated Cost of Attendance: $ 8,825.00
29. Estimated Financial Aid: $ 710.00
29.(a) Expected Family Contribution (See Inst.): $ 900.00
30. Difference (Item 28) Less Item 29 and 29(a): $ 7,215.00
31. Academic Status — Cumulative Grade Point Average: 3.22 of 4.0

| 31.(a) Beginning Date of Terms Covered by This Application | Mo | Day | Yr. | Recommended Disburse[ment] Amount |
|---|---|---|---|---|
| #1 | 1 | 5 | 87 | $ 1,313 |
| #2 | 3 | 30 | 87 | $ 1,312 |
| #3 | 6 | 22 | 87 | $ 0 |
| #4 | | | | $ |
| TOTAL OF DISBURSEMENTS | | | | $ 2,625 |

32. My signature below certifies I have read and agreed to the "EDUCATIONAL INSTITUTION CERTIFICATION" printed on the REVERSE of this APPLICATION
Signature of Authorized School Official: [signature] Print or Type Name and Title: ALMA M. GONZALEZ, F.A.O. Date: 1-14-87

## S[ECTION III]

33.

34. 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 0204-1013962

Zip Code 33732-1547

#819598

35. Area Code/ Phone No.

| 37. Loan Disbursement Date(s) | Mo. | Day | Yr. | Loan Disbursement Am[ount] |
|---|---|---|---|---|
| #1 | 1 | 27 | 87 | $ 1313 |
| #2 | 3 | 30 | 87 | $ 1312 |
| #3 | 6 | 4 | 87 | $ |
| TOTAL AMOUNT LENDER APPROVES | | | | $ 2625 |

38. Length of Grace Period: (6) 9 10 11 12

39. Signature of Authorized Lending Official: [signature] Name and Title
40. Date: 1-23-87

## SECTION IV - PROMISSORY NOTE FOR A GUARANTEED STUDENT LOAN

**I. Promise To Pay** I, the undersigned student borrower identified in Section I, item 2, promise to pay to you or your order when this note becomes due as set forth in Paragraph II, the sum of Two thousand Six hundred twenty five DOLLARS ($ 2625.00)

I.A. Requested Loan Amount-Must be the Same as Item 13

or such loan amount as is advanced to me and identified to me in the Notice of Loan Guarantee and Disclosure Statement, plus interest as set forth in Paragraph III, and any other charges which may become due as provided in Paragraph VI. If I fail to pay any of these amounts when they are due, I will pay all charges and other costs, including the fees of an outside attorney and court costs that are permitted by Federal law and regulations for the collection of this loan, which you incur in collecting this loan. *(See Paragraphs II, III, VI on the other side.) My signature certifies that I have read, understood and agreed to the conditions and authorizations stated in the "Borrower Certification" printed on the reverse side.*

**I UNDERSTAND THAT THIS IS A PROMISSORY NOTE. I WILL NO[T] SIGN THIS PROMISSORY NOTE BEFORE READING IT INCLUDIN[G] THE WRITING ON THE REVERSE SIDE, EVEN IF OTHERWISE AD[VISED]. I AM ENTITLED TO AN EXACT COPY OF THIS PROMISSOR[Y] NOTE, THE NOTICE OF LOAN GUARANTEE AND DISCLOSUR[E] STATEMENT AND ANY AGREEMENT I SIGN. BY SIGNING THI[S] PROMISSORY NOTE I ACKNOWLEDGE THAT I HAVE RECEIVE[D] AN EXACT COPY HEREOF.**

George S. Korosi — I.B. Student Borrower Signature
1-8-87 — Date

**NOTICE TO STUDENT: Terms of the Promissory Note continue on the reverse side**

# Additional Terms of the Promissory Note for a Guaranteed Student Loan

**II. Date Note Comes Due** I will repay this loan: 1) in periodic installments during a repayment period that will begin no later than the end of my grace period; or 2) in full immediately if I fail to enroll and attend at the school which certified my application for the academic period intended (this loan will not be eligible for a grace period). My grace period is that period of time which begins when either I leave school or stop carrying, at an eligible school approved by the Guarantor, at least one-half the normal full-time academic work load required by the school. The Notice of Loan Guarantee and Disclosure Statement will identify the length of my grace period. During the grace period I may request that the grace period be shortened and the repayment period begin earlier. My due date will be indicated on the Repayment Schedule.

**III. Interest** I agree to pay an amount equivalent to simple interest on the unpaid principal balance from the date you advance the loan until the loan is paid in full. The applicable interest rate on this loan will be the same as the applicable interest rate on my other Guaranteed Student Loans if any of those loans is still outstanding and has an interest rate of 7%, 8% or 9%. If I have no outstanding Guaranteed Student Loans, my interest rate on this loan will be 8%. The Notice of Loan Guarantee and Disclosure Statement identifies the applicable interest rate for this loan. You will not attempt to collect from me any interest which the United States Government will pay for me. When this note becomes due I may either pay the total interest due from me or such interest may be added, in accordance with State and Federal regulations governing the Guaranteed Student Loan Program, to the principal balance due to be repaid with interest, in installments. Once the repayment period begins, I will pay all the interest on this loan, except that if the interest occurring on this loan prior to the repayment period was payable by the United States Government, the United States Government will pay the interest that occurs during any period described under Deferment, Paragraph VIII in this Note. All payments will be made to your address indicated on the Notice of Loan Guarantee and Disclosure Statement or to any other address which you provide to me.

**IV. Origination and Guarantee Fees** I will pay you an origination fee as authorized by federal law, not to exceed 5% of the amount loaned to me as identified on the Notice of Loan Guarantee and Disclosure Statement. If any loan check is returned uncashed to you, I will be entitled to a refund of any origination fee paid in respect to such disbursement. I will pay you a guarantee fee, in an amount identified on the Notice of Loan Guarantee and Disclosure Statement, which you will forward to the Guarantor to pay for its guarantee of this Note. The guarantee fee, in an amount not to exceed one percent (1%) per annum, is calculated on the amount of this loan from the anticipated disbursement date as indicated by the Lender in Section III of the application until the expiration of my grace period following the graduation or course completion date indicated by the School in Section II of my application for this loan. No part of the guarantee fee will be refunded to me unless the loan check is returned to you within 60 days after the disbursement date, in which case the total fee will be refunded. The origination fee and the guarantee fee may both be deducted from the proceeds of my loan.

**V. Default** I will be in default and you have the right to give me notice that the whole outstanding principal balance plus any unpaid interest I owe is due and payable at once (subject to any law which gives me a right to cure my default) if: 1) any payment has not reached you within the number of days after it is due as specified on the Repayment Schedule, or I fail to meet the terms of the Application/Promissory Note under circumstances where you find it reasonable to conclude that I no longer intend to honor the obligation to repay, provided that my failure persists for (a) 120 days if I pay in monthly installments; or (b) 180 days if I repay in less frequent installments, or 2) I fail to notify you of a change in my name, address or school enrollment status within 10 days, or 3) I break any of my other promises under this agreement, or 4) I make any false written statement in applying for this loan or for a forbearance or deferment of this loan. After sending such notice to me, you will have the right, without further notice, to take the outstanding balance out of my checking and/or savings account I have with you, if not prohibited by law, but not out of the proceeds of any other property of mine which you have a right to take because of any other agreement between you and me. If I default, I will still be required to pay interest on this loan as provided in Interest, Paragraph III from the date of default. A default also makes me ineligible for the benefits described under Deferment, Paragraph VIII.

**VI. Late Charges** If any payment has not reached you within ten (10) days after its due date you may, if permitted by law, bill me for a late charge at the maximum rate permitted. If a payment is late, I may be charged five dollars ($5.00) or five percent (5%) of the payment, whichever is less.

**VII. Additional Agreements** 1) The proceeds of this loan will be used only for my educational expenses at the school indicated in Section II of the application. 2) Any notice required to be given to me will be effective when mailed by first class mail to the latest address you have for me. 3) Your failure to enforce or insist that I comply with any term of this Note is not a waiver of your rights. No provision of this Note can be waived or modified except in writing. 4) If the Florida Department of Education, under its guarantee to repay my loan(s) because I have defaulted, The Florida Department of Education will become the owner of this Note and as my creditor will have all the rights of the original lender to enforce this Note against me. 5) I understand that I must repay this Note even though I may be under 18 years of age. 6) If I am unable to make the scheduled payments for reason of hardship, I may be eligible for forbearance as provided for in the Guaranteed Student Loan Program regulations at the discretion of the lender on the repayment schedule. 7) In this Note the words I, me, and my mean the borrower identified in Item 2 of Section I of the Application. You, your and yours mean the lender and any other owner of the Note.

**VIII. Deferment** You will let me pay interest only if such interest is not paid by the United States Government, and let me defer making principal payments on this Note as provided below if my repayment period has begun, I am not in default and I can provide you with written evidence that I qualify for the deferment. 1) While I am enrolled: a) at a participating school in full-time study, as determined by that school. However, to obtain a deferment to attend a school not located in the United States I must be a citizen or national of the United States, or b) in a graduate fellowship program approved by the Secretary of Education, or c) in a rehabilitation training program for disabled individuals approved by the Secretary of Education, or d) as a full-time student at an institution of higher education or vocational school which is operated by an agency of the United States Government. 2) For periods not exceeding 3 years for each of the following while I am a) on active duty in the Armed Forces of the United States or serving as an officer in the Commissioned Corps of the United States Public Health Service, or b) serving as a Peace Corps volunteer, or c) serving as a full-time volunteer under Title I of the Domestic Volunteer Service Act of 1973 (e.g., VISTA), or d) providing service as a full time volunteer for an organization exempt from Federal income tax under Section 501(c)(3) of the Internal Revenue Code of 1954, which the Secretary of Education has determined is comparable to service performed in the Peace Corps or ACTION programs, e) temporarily totally disabled, as established by affidavit of a qualified physician, or f) unable to work because I am providing care required by a spouse who is temporarily totally disabled as established by affidavit of a qualified physician. 3) For a period not exceeding 2 years while I am serving an internship that the Secretary of Education has determined is needed to gain professional recognition required to begin professional practice or service. 4) For a single period not exceeding one year while I am conscientiously seeking but unable to find full-time employment in the United States.

**IX. Repayment** I will repay the total amount due on this Promissory Note in periodic installments, with interest at the rate indicated in Interest, Paragraph III, on the unpaid balance from the due date of this Promissory Note until the loan is paid in full, unless 1) The whole loan is due as described in Default, Paragraph V, or 2) This Promissory Note has become due because of item 2 of Date Note Comes Due, Paragraph II. Prior to the due date of this Promissory Note, you will send to me a Repayment Schedule which shows the particular repayment terms, including the beginning due date, that will become part of this Promissory Note. The Repayment Schedule may include all loans I have received from you under the Florida Guaranteed Student Loan Program. The Repayment Schedule will require me to make monthly payments for a period of not less than 5 nor more than 10 years after this Note becomes due. The repayment period will not be longer than 15 years from the date of my original Note not counting periods for which I am granted any authorized deferment outlined in Deferment, Paragraph VIII or forbearance. My original in-school period is counted in this 15 year requirement. At my option I may agree to a repayment period that is shorter than 5 years. I may at a later time have the repayment period extended so that the total repayment period is not less than 5 years, provided, however, that if my loan(s) is disbursed on or after October 1, 1981, my total payments for any year of the repayment period on all my loans under the Guaranteed Student Loan Program (GSLP), the Guaranteed Parent Loan Program (GPLP), or the PLUS Program under Title IV, Part B of the Higher Education Act shall not be less than $600 per year, including payments by my spouse on any loan under such loan programs (or the balance of all such loans plus accrued interest if less than $600) even though this may result in a repayment period shorter than 5 years.

**X. Prepayment** I may, at my option and without penalty, prepay all or any part of the principal or accrued interest of this loan at any time. If I do so, I will be entitled to a rebate of any unearned interest that I have paid.

**XI. Credit Bureau Notification** If I default on this loan, you or the Guarantor may report the default to credit bureau organizations. This may significantly and adversely affect my credit rating. If not otherwise prohibited by law, the lender or the Department of Education may disclose information about the status of this loan to any credit bureau.

PAY TO THE ORDER OF THE FLORIDA DEPARTMENT OF EDUCATION WITHOUT RECOURSE ON US. [illegible] FEDERAL SAVINGS & [illegible]

Name of Lender

By [signature]

Authorized Officer

[illegible] F. WOLF

Vice President

Date of Assignment 1 8 1990

Date

## Borrower Certification

I declare under penalty of perjury under the laws of the United States of America that the following is true and correct. I, the borrower, certify that the information contained in Section I of this application is true, complete and correct to the best of my knowledge and belief and is made in good faith. I hereby authorize the school to pay to the lender any refund which may be due me up to the amount of this loan. I further authorize any school that I may attend to release to the lending institution, subsequent holder, the Department of Education, U.S. Department of Education, or their agents, any requested information pertinent to this loan (e.g., employment, enrollment status, current address). I certify that the proceeds of any loan made as a result of this application will be used for educational expenses for the loan period covered by this application at the school named in Section II. I understand that I must immediately repay any funds that I receive which cannot reasonably be attributed to meeting my educational expenses related to attendance at that school for the loan period stated in Item 22. I certify that the total amount of loans received under the Guaranteed Student Loan Program, Title IV, Part B (P.L. 89-329) as amended, will not exceed the allowable maximums. I further certify that I do not now owe a repayment on a Pell Grant, Supplemental Grant, or State Student Incentive Grant and am not now in default on a National Direct Student Loan, or a Guaranteed Student Loan, or a Federally Insured Student Loan or a PLUS loan. I authorize the lending institution to issue a check covering the proceeds of my loan in full or in part, made payable to me, or at the lender's option, jointly payable to me and the school, and sent to the school named in Section II or at the lender's option, to me. I have read and understand the "Statement of Borrower's Rights and Responsibilities" supplied with this application.

I understand that I will receive a Notice of Loan Guarantee and Disclosure Statement that identifies my loan amount (as determined by the lender), the fee amounts, grace period, and late charges. I understand and agree that if the information on the Notice of Loan Guarantee and Disclosure Statement conflicts with the information on the Application/Promissory Note, the information on the Notice of Loan Guarantee and Disclosure Statement applies.

**NOTICE TO STUDENT: BY YOUR SIGNATURE ON THE OTHER SIDE OF THIS APPLICATION AND PROMISSORY NOTE YOU ARE AGREEING TO THE ABOVE TERMS AND CERTIFICATION.**

DE FEB 08 1987

#1

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

00-6063

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

UNITED STATES of AMERICA

**DEFENDANTS**

GEORGE S. KOROSI

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF ______
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT BROWARD
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

MARY F. DOOLEY, AUSA 305-961-9377
99NE 4TH ST, MIAMI FL 33132

ATTORNEYS (IF KNOWN)

(d) CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, (BROWARD), PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

- [X] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated or Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

**A CONTRACT**
- 110 Insurance
- 120 Marine
- 130 Miller Act
- 140 Negotiable Instrument
- 150 Recovery of Overpayment & Enforcement of Judgment
- 151 Medicare Act
- B [X] 152 Recovery of Defaulted Student Loans (Excl Veterans)
- B 153 Recovery of Overpayment of Veteran s Benefits
- 160 Stockholders Suits
- 190 Other Contract
- 195 Contract Product Liability

**A REAL PROPERTY**
- 210 Land Condemnation
- B 220 Foreclosure
- 230 Rent Lease & Ejectment
- 240 Torts to Land
- 245 Tort Product Liability
- 290 All Other Real Property

**A TORTS**

PERSONAL INJURY
- 310 Airplane
- 315 Airplane Product Liability
- 320 Assault Libel & Slander
- 330 Federal Employers Liability
- 340 Marine
- 345 Marine Product Liability
- 350 Motor Vehicle
- 355 Motor Vehicle Product Liability
- 360 Other Personal Injury

PERSONAL INJURY
- 362 Personal Injury Med Malpractice
- 365 Personal Injury Product Liability
- 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- 370 Other Fraud
- 371 Truth in Lending
- 380 Other Personal Property Damage
- 385 Property Damage Product Liability

**A CIVIL RIGHTS**
- 441 Voting
- 442 Employment
- 443 Housing/ Accommodations
- 444 Welfare
- 440 Other Civil Rights

**PRISONER PETITIONS**
- B 510 Motions to Vacate Sentence

HABEAS CORPUS:
- B 530 General
- A 535 Death Penalty
- B 540 Mandamus & Other
- B 550 Civil Rights
- B 555 Prison Condition

**FORFEITURE/PENALTY**
- B 610 Agriculture
- B 620 Other Food & Drug
- B 625 Drug Related Seizure of Property 21 USC 881
- B 630 Liquor Laws
- B 640 R R & Truck
- B 650 Airline Regs
- B 660 Occupational Safety/Health
- B 690 Other

**A LABOR**
- 710 Fair Labor Standards Act
- 720 Labor/Mgmt Relations
- 730 Labor/Mgmt Reporting & Disclosure Act
- 740 Railway Labor Act
- 790 Other Labor Litigation
- A 791 Empl Ret Inc Security Act

**A BANKRUPTCY**
- 422 Appeal 28 USC 158
- 423 Withdrawal 28 USC 157

**A PROPERTY RIGHTS**
- 820 Copyrights
- 830 Patent
- 840 Trademark

**B SOCIAL SECURITY**
- 861 HIA (1395ff)
- 862 Black Lung (923)
- 863 DIWC/DIWW (405(g))
- 864 SSID Title XVI
- 865 RSI (405(g))

**FEDERAL TAX SUITS**
- A 870 Taxes (U S Plaintiff or Defendant)
- A 871 IRS Third Party 26 USC 7609

**A OTHER STATUTES**
- 400 State Reapportionment
- 410 Antitrust
- 430 Banks and Banking
- B 450 Commerce/ICC Rates/etc
- 460 Deportation
- 470 Racketeer Influenced and Corrupt Organizations
- 810 Selective Service
- 850 Securities/Commodities/ Exchange
- 875 Customer Challenge 12 USC 3410
- 891 Agricultural Acts
- 892 Economic Stabilization Act
- 893 Environmental Matters
- 894 Energy Allocation Act
- 895 Freedom of Information Act
- 900 Appeal of Fee Determination Under Equal Access to Justice
- 950 Constitutionality of State Statutes
- 890 Other Statutory Actions A OR B

**VI. CAUSE OF ACTION** (CITE THE U S CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

RECOVERY OF FUNDS EXPENDED BY PLAINTIFF AS GUARANTOR OF A DEFAULTED FEDERALLY INSURED STUDENT LOAN. 34 CFR 682.100(4) (d)

LENGTH OF TRIAL
via ____ days estimated (for both sides to try entire case)

**VII. REQUESTED IN COMPLAINT:** [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

**DEMAND $** 10,383.82 plus interest & costs

CHECK YES only if demanded in complaint: **JURY DEMAND:** [ ] YES [X] NO

**VIII. RELATED CASE(S)** (See instructions) **IF ANY** JUDGE ______ DOCKET NUMBER ______

DATE 1/11/00

SIGNATURE OF ATTORNEY OF RECORD

MARY F. DOOLEY, AUSA

FOR OFFICE USE ONLY

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______